## Maintenance of Deaf, Dumb and Blind Pupils.

*School law—Deaf, dumb and blind pupils—Maintenance in institutions—Payment by school districts—Act of July 22, 1919.*

School districts and institutions for the deaf, dumb and blind may enter into lawful contracts for the maintenance and education by the latter of deaf, dumb and blind pupils at the expense of the former, where such pupils are in excess of the number provided for by appropriations to such institutions respectively.

Appropriation Acts, 1921, Nos. 82 A, 83 A, 85 A and 86 A, and the Act of July 22, 1919, P. L. 1090, considered.

Attorney-General's Department. Opinion to Dr. John M. Baldy, Commissioner of Public Welfare.

McNEES, Dep. Att'y-Gen., Aug. 21, 1922.—I have your inquiry as to the liability of resident school districts for the cost of the education of pupils enrolled in (1) the Pennsylvania Institution for the Deaf and Dumb, Mount

Airy, Philadelphia; (2) the Pennsylvania Institution for the Instruction of the Blind; (3) the Western Pennsylvania Institution for the Blind, located at Pittsburgh, Pennsylvania; and (4) the Western Pennsylvania Institution for the Instruction of the Deaf and Dumb.

So far as liability for such expense is concerned, there are two classes of pupils: First, those who come within the number for whom an appropriation has been made to the institution in which they are enrolled; and, second, those attending the institution in excess of the number provided for by direct appropriation.

In considering the first question, it is necessary to take each institution separately, because the laws making the appropriations thereto are not similar.

The Appropriation Act for the Pennsylvania Institution for the Deaf and Dumb (Mount Airy) reads as follows:

"That the sum of four hundred and four thousand dollars ($404,000), or so much thereof as may be necessary, is hereby specifically appropriated to the Pennsylvania Institution for the Deaf and Dumb, located at Mount Airy, Philadelphia, for the two fiscal years beginning June 1, 1921, for the education and maintenance of not more than five hundred and five deaf children, residents of the State, at an annual rate not exceeding four hundred dollars ($400) per capita; and that the further sum of six thousand dollars ($6000) is hereby specifically appropriated to said institution for the education and maintenance of three pupils who are deaf, dumb and blind for the two fiscal years beginning June 1, 1921: . . ." Appropriation Acts, 1921, No. 82-A.

So far as the appropriation is concerned, this institution is limited to 505 deaf pupils, to be maintained and educated at a rate not to exceed $400 per capita, and three deaf, dumb and blind pupils, for whose maintenance and education $6000 is appropriated. If it does not cost $400 per capita for the deaf children, the number cannot be increased, but the unexpended balance reverts to the treasury. The same is true of the cost of maintaining and educating the three deaf, dumb and blind pupils—any unexpended balance reverts to the Treasury of Pennsylvania. As the appropriation for all of the 508 pupils provided for is for education as well as maintenance, I would advise that this institution cannot charge the resident school district for the education of any deaf pupils coming within the limitation of 505, or deaf, dumb and blind pupils coming within the limitation of three.

The Pennsylvania Institution for the Instruction of the Blind is provided for as follows:

"That the sum of one hundred and thirty-one thousand two hundred and fifty dollars ($131,250), or so much thereof as may be necessary, is hereby specifically appropriated to the Pennsylvania Institution for the Instruction of the Blind, for the two fiscal years beginning June 1, 1921, toward the education and maintenance of one hundred and seventy-five State pupils, resident in the State, to be paid quarterly at the annual rate of three hundred and seventy-five dollars ($375) per pupil; but if in any quarter less than one hundred and seventy-five such pupils shall be enrolled in the school, whatever portion of this appropriation shall remain in the treasury may be drawn for the education and maintenance of any other such pupil or pupils up to the total of one hundred and seventy-five in any other quarter of either of said years:" Appropriation Acts, 1921, No. 83-A.

The Pennsylvania Institution for the Blind cannot charge the resident school district for the education of any pupils coming within the limitation of 175. If the 175 pupils are maintained and educated for less than $375 per

2 D. & C.

### Maintenance of Deaf, Dumb and Blind Pupils.

*capita* per annum, the saving goes back into the treasury; but if there are less than 175 pupils enrolled in any quarter, the saving may be used for the maintenance of pupils up to the number of 175 during any other quarter of the two years, and the school district may not be charged for the education of any of these pupils.

The law providing for the Western Pennsylvania Institution for the Blind is as follows:

"That the sum of one hundred and eight thousand dollars ($108,000), or so much thereof as may be necessary, is hereby specifically appropriated to the Western Pennsylvania Institution for the Blind, for the two fiscal years beginning June 1, 1921, toward the education and maintenance of one hundred and thirty-five State pupils, resident in the State, at an annual rate not exceeding four hundred dollars ($400) per pupil, or so much thereof as may be necessary: Provided, that if any money appropriated for the maintenance of pupils shall remain in the treasury on account of a decrease in the cost *per capita* through good management, the same may be drawn for maintenance of an extra number of pupils whose maintenance would amount to the said balance, not exceeding the *per capita* allowed in the act:" Appropriation Acts, 1921, No. 85-A.

Under this act, the Western Pennsylvania Institution for the Blind may not charge the resident school district for the education of any pupils within the limitation of 135, nor for any additional pupils who may be maintained out of savings from economy in the management of the institution.

The Western Pennsylvania Institution for the Instruction of the Deaf and Dumb is provided for in the following language:

"That the sum of two hundred and thirty-eight thousand dollars ($238,000), or so much thereof as may be necessary, be and the same is hereby specifically appropriated to the Western Pennsylvania Institution for the Instruction of the Deaf and Dumb, for the two fiscal years beginning June 1, 1921, for the education and maintenance of two hundred and eight State pupils, at an annual rate not exceeding the sum of four hundred and twenty-five dollars ($425) per pupil, or so much thereof as may be necessary:" Appropriation Acts, 1921, No. 86-A.

This institution is limited as to the number of pupils it may accept under the appropriation and as to the amount it may expend per pupil. If it does not have the full quota of pupils, or if the amount *per capita* for expenses provided for is not actually expended, the balance reverts to the treasury. It may not charge the resident school district for the education of any pupils coming within the limitation of 208.

In considering that phase of your question concerning charging school districts for the education of pupils enrolled in these institutions in excess of the specified number in the Appropriation Acts, it will not be necessary to discuss them separately. The law requiring the school districts to educate such children as are eligible for enrollment in these institutions reads as follows:

"The county or district superintendent of schools shall submit to the board or boards of school directors plans for establishing and maintaining special classes in the public schools or special public schools for the proper education and training of all such children reported to him as fit subjects for special education and training, and it shall be the duty of the board of directors of any district having such children to provide and maintain, or to jointly provide and maintain with neighboring districts, such special classes or schools: Provided, however, that if it is not feasible to form a special class with a minimum attendance of ten children in any district, or if for any other reason

it is not feasible to provide such education for any such child in the public schools of the district, the board of school directors of that district shall, if the parents or guardians of said child give written consent, secure such proper education and training outside the public schools of the district, or in special institutions, on terms and conditions not inconsistent with the terms of this act or of any other act then in force applicable to such children.

"School districts maintaining special classes in the public schools or special public schools, or providing special education, as hereinbefore specified in this section, shall receive reimbursement, as hereinafter provided, so long as such classes, such schools and such special education are approved by the State Board of Education as to location, constitution and size of classes, conditions of admission and discharge of pupils, equipment, courses of study, methods of instruction and qualifications of teachers.

"The State Superintendent of Public Instruction shall superintend the organization of such classes and shall enforce the provisions of this act:" Act of July 22, 1919, P. L. 1090.

Under this section, districts have ample authority to enter into agreements with any of the four institutions under discussion to educate any pupils in the institutions not provided for by appropriation. Does the institution have the right to enter into such agreements with the school districts? I think it does. There is no limitation upon the number of pupils who may attend such institutions, except in so far as the appropriation for their maintenance and education is concerned. The institutions may accept other pupils if the expense thereof is provided from sources other than the regular appropriation. This has been the practice for many years. The institution could, therefore, make an arrangement with local school boards for the education of pupils, in addition to its regular number provided for by appropriation, at the expense of the school district, and it could refuse to accept such pupils, unless the school board entered into an arrangement to pay the cost of their education.

I am of the opinion that it is legal for a school district and any of the institutions named to make an agreement for the education of such pupils as are of the class for which the institution is intended in excess of the number provided for by appropriation.

From Guy H. Davies, Harrisburg, Pa.